IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MICHAEL PERRAULT, ) | |
| ) | |
| Plaintiff, ) | Civil Action File No. |
| ) | |
| v. ) | _____ |
| ) | |
| BANCORPSOUTH, INC., ) | |
| SECRETARY OF VETERAN AFFAIRS, ) | |
| CAMPBELL & BRANNON, LLC, and ) | |
| KELSEY GRODZICKI, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## COMPLAINT

Plaintiff Michael Perrault ("Plaintiff"), by and through his undersigned attorney, and for his Complaint against the captioned defendants, BancorpSouth, Inc., ("Bancorp"), Secretary of Veteran Affairs (the "VA"), Campbell & Brannon, LLC, ("Campbell & Brannon"), and Kelsey Grodzicki ("Mr. Grodzicki"), (collectively, "Defendants"), hereby avers as follows:

## NATURE OF THIS ACTION

1. This is a civil action in part under the Dodd-Frank Wall Street Reform and Consumer Protection Act ("Dodd Frank"), as referenced in 15 U.S.C.A. § 1601, the Truth-in-Lending Act ("TILA"), and as referenced in 15

U.S.C.A. § 1639, the Home Ownership and Equity Protection Act ("HOEPA"). Additionally, this civil action arises in part under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, the Georgia Fair Lending Act of 2002, O.C.G.A. § 7-6A-1, *et seq*. and RESPA 12 U.S.C. § 2601, *et seq*.

## PARTIES

2. Plaintiff Michael Perrault is a citizen of the state of Georgia, and has a permanent residence, and at all times residing in the state of Georgia at 6346 Rockefeller Drive, Columbus, Georgia 31909.

3. Defendant BancorpSouth, Inc., ("BancorpSouth"), is a Mississippi corporation, with its principal place of business in Tupelo Mississippi, but does business in the state of Georgia.

4. Defendant Secretary of Veteran Affairs ("VA") is a governmental entity doing business in the state of Georgia.

5. Defendant Campbell & Brannon, LLC ("Campbell & Brannon") is a limited liability corporation registered in the state of Georgia. On information and belief, Campbell & Brannon's members are all citizens of the State of Georgia, with its principal place of business in Atlanta,

Georgia. Defendant Campbell & Brannon is a debt collector, and regularly engages in the practice of collecting third party debts.

6. Defendant Kelsey Grodzicki is an individual, and a citizen of the State of Georgia, who acts on behalf of creditors, and regularly engages in the practice of collecting third party debts.

## JURISDICTION

1. These claims arise under federal law, and this Court has subject jurisdiction pursuant to the Dodd-Frank Wall Street Reform and Consumer Protection Act ("Dodd Frank"), as referenced in 15 U.S.C.A. § 1601, the Truth-in-Lending Act ("TILA"), and as referenced in 15 U.S.C.A. § 1639, the Home Ownership and Equity Protection Act ("HOEPA"), the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, and RESPA 12 U.S.C. § 2601, *et seq*.

2. Additionally, this Court has supplemental jurisdiction in this proceeding pursuant to 28 U.S.C. § 1367, as those claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article 3 of the United State Constitution.

3. Last, this Court has authority to issue a declaratory judgment by virtue of 28 U.S.C. § 2201.

4. This Court has personal jurisdiction over the out of state Defendants by consent, as they do business within the State of Georgia, and over the in-state Defendants by virtue of their residency within this judicial district of Fulton County, and Atlanta.

## VENUE

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391, as part of the events and claims that are the subject of this suit occurred here, and two of the in-state defendants are residents in this judicial district.

## FACTUAL BACKGROUND

6. Plaintiff purchased the subject property, 6346 Rockefeller Drive, Columbus, Georgia 31909 (hereinafter "the subject property"), in or around the year of 2000.

7. At the time the subject property was purchased, both Plaintiff and his spouse were gainfully employed, and made timely mortgage payments.

8. At the downturn of the economy, Plaintiff and his spouse became unemployed, and he was subsequently approved for disability benefits.

9. Due to the unforeseen change in circumstances, Plaintiff sought to modify the VA-backed loan made on his home.

10. Defendant BancorpSouth stalled and purposely tried to delay Plaintiff's attempt to modify his loan.

11. Defendant BancorpSouth returned properly made payments.

12. Defendant BancorpSouth refused to apply Plaintiff's payments to his accounts.

13. Defendant BancorpSouth informed Plaintiff that he was properly submitted and being considered for a home loan modification, which induced him not to seek Chapter 13 protection.

14. Despite the deceptive representations, Defendant BancorpSouth, which was administratively dissolved in the State of Georgia in 2001, one year after the loan was entered into by Plaintiff, Defendant BancorpSouth caused the subject property to be sold at auction, without proper notice prior to the sale.

15. Defendant BancorpSouth bought the subject property at the foreclosure auction.

16. Subsequently, Defendant BancorpSouth transferred the subject property to the Secretary of Veteran Affairs.

17. Defendant Secretary of Veteran Affairs then, through its counsel Defendant Campbell & Brannon, and Defendant Grodizicki, who may or

may not at all times have been acting within the scope of his employment, began engaging in debt collection practices by sending correspondence to Plaintiff.

18. Defendants VA, Campbell & Brannon and Grodizicki failed to identify itself as a debt collector, filed for eviction and sent correspondence making it painstakingly difficult for any individual to contact the sender of the correspondence to communicate about the debt.

19. Defendants refused to provide proof of the validity of their claims, and the true status of the property.

20. Defendants engaged in threatening and intimidating behavior.

21. Defendants knew or should have known the transfer of the property was improper, and Defendant BancorpSouth violated federal laws and engaged in an unlawful foreclosure of Plaintiff's property.

22. Defendant BancorpSouth wrongfully refused Plaintiff's payments.

23. Defendant BancorpSouth wrongfully refused to offer Plaintiff a modification of the loan and wrongfully precluded the modification of Plaintiff's home loan, in compliance with federal regulations and laws, in an effort to foreclose on the home and sale the same.

24. Wherefore, Plaintiff prays that this Court issues an injunction against Defendant VA from exercising any eviction on the property until an adjudication of Plaintiff's claims regarding Defendant BancorpSouth engaging in a wrongful foreclosure is made by this Court.

25. Plaintiff also prays that this Court issue and order declaring that the foreclosure was unlawful, and should be rescinded, and that as a result of the same Defendant VA is not in rightful possession of the property.

26. Plaintiff also prays that this Court award damages, including punitive and any and all other relief this Court deems reasonable and just against Defendants for the wrongful foreclosure and harassing and intimidating debt collection practices by Defendants.

## DEMAND FOR A JURY TRIAL

27. Plaintiff hereby demands a jury trial of all issues in the above-styled case, which are triable to a jury.

## PRAYERS FOR RELIEF

WHEREFORE, Plaintiff prays for relief against Defendants as follows:

(a) A judgment declaring:

   a. The foreclosure of the subject property was unlawful

b. That the refusal by Defendant BancorpSouth of Plaintiff's mortgage payments and to modify the loan were unlawful

c. That Defendant VA is improperly in possession of the subject property

d. That Defendant VA is prohibited from taking any action regarding the subject property, including executing any eviction proceedings prior to a full adjudication of the wrongful eviction claims made herein by Plaintiff against BancorpSouth

e. That Defendant Campbell & Brannon and Defendant Grodizicki engaged in unlawful debt collection practices and that they are liable to Plaintiff for damages

f. That Plaintiff is entitled to an award of damages, attorney's fees, and any and all relief deemed just and proper from all Defendants herein.

Dated: July 19, 2016                             Krystal M. Moore, LLC

                                        By:  /s/ Krystal M. Moore
                                             Krystal M. Moore
                                             Georgia State Bar No. 452370
                                             Atlanta, Georgia 30308
                                             Krystal@attymoore.com
                                             404-423-4272

                                             Counsel for Plaintiff

## **CERTIFICATION OF TYPEFACE COMPLIANCE**

Pursuant to LR 7.1(D), NDGa., counsel for Plaintiff hereby certifies that this Complaint has been prepared with one of the font and point selections approved by the Court in LR 5.1(C), NDGa.